UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE ESTATE OF KE-MONTE COBBS, By Personal Representative, TASHEENA BROOKS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF GARY, INDIANA; KAREN FREEMAN-WILSON, individually and in her official capacity as Mayor of the City of Gary, Indiana; GARY POLICE DEPARTMENT; RICHARD ALLEN, individually and in his official capacity as Chief of Police for the City of Gary; and JUSTIN HEDRICK, individually and in his official capacity as an Officer in the Gary Police Department, <br><br> Defendants. | CAUSE NO.: 2:19-CV-277-TLS |

**OPINION AND ORDER**

This matter is now before the Court on the Defendants' Motion for Summary Judgment [ECF No. 51] and Defendants' Motion for Summary Ruling [ECF No. 55]. This lawsuit stems from the August 1, 2017 deadly shooting of Ke-Monte Cobbs by Defendant Justin Hedrick, police officer with the City of Gary, during the course of a foot pursuit of the former occupants of a vehicle involved in a robbery. *See* Compl., ECF No. 1. The Plaintiff, TaSheena Brooks, Personal Representative of the Estate of Ke-Monte Cobbs, brings two federal constitutional claims under 42 U.S.C. § 1983, alleging two claims of excessive force: the first claim is based on the policies of the Gary Police Department (Count I), and the second claim is based on the conduct of Officer Hedrick (Count II). *Id*. The Plaintiff also brings a wrongful death claim under

Indiana law (Count III) against the City of Gary, the Gary Police Department, and Officer Hedrick. *Id.*

The Defendants filed their Motion for Summary Judgment [ECF No. 51] on February 3, 2023. The Plaintiff has not filed a response, and the time to do so has passed. For the reasons set forth below, the Court grants the Defendants' Motion for Summary Ruling. The Court also grants in part the Motion for Summary Judgment as to Counts I and II and declines to exercise supplemental jurisdiction over Count III.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge*

*v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted). Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where, as here, "the non-moving party fails to file a timely response to a motion for summary judgment, the district court must still review the uncontroverted facts and make a finding that summary judgment is appropriate as a matter of law." *Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996).[1]

## MATERIAL FACTS[2]

A.   **The August 1, 2017 Shooting of Mr. Cobbs**

On August 1, 2017, Mr. Cobbs was a passenger in a stolen vehicle involved in an armed robbery, which took place in Munster, Indiana. Def. Ex. 1, 23:4–8, 25:5–27:9, 29:5–16. ECF No. 54-1. Robert Hemphill—an officer with the Griffith Police Department—spotted the stolen vehicle in Gary, Indiana, and followed the vehicle until it parked, at which point he made contact with its five occupants, giving numerous verbal commands. *Id*. 28:6–14, 29:5–11, 31:24–32:3. Mr. Cobbs and four other occupants fled from the stolen vehicle on foot around the side of a building. *Id*. 29:11–16.

Officers from the Gary Police Department and the Griffith Police Department pursued Mr. Cobbs on foot. *Id*. 37:3–21. Mr. Cobbs ran behind a duplex, and Officer Hedrick (of the Gary Police Department) approached from the east side of the duplex to cut off Mr. Cobbs, while

---

[1] The Defendants filed their Motion for Summary Ruling on August 3, 2023, requesting summary ruling on the Defendants' Motion for Summary Judgment pursuant to Local Rule 7-1(d)(5). Local Rule 7-1(d)(5) provides that "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(5). Here, the Plaintiff's response was due twenty-eight days after the Defendants' served their Motion for Summary Judgment on February 3, 2023, making the Plaintiff's deadline March 6, 2023. *See* N.D. Ind. L.R. 56-1(b); Fed. R. Civ. P. 6(a). As the Plaintiff's response deadline passed over six months ago and the Plaintiff has not yet filed a response, the Court grants the Defendants' Motion for Summary Ruling.
[2] The facts offered by the Defendants are considered only to the extent they are supported by the cited evidence of record.

Officer Young (of the Griffith Police Department) went down the driveway. Def. Ex. 2, 17:25–18:19, 47:1–3, ECF No. 54-2; Def. Ex. 3, 13:3–5, 25:3–6, ECF No. 54-3. Officer Hedrick went to the backyard and spotted Mr. Cobbs where he stood with a gun pointed in the direction of another officer. Def. Ex. 2, 19:18–21, 20:1–22.

Meanwhile, Officer Young worked his way around the corner of the building. Def. Ex. 3, 28:18–22. When he observed Mr. Cobbs, Officer Young looked at him and gave multiple commands, such as "police, stop, get on the ground!" Def. Ex. 3, 28:18–22; 31:14–17. Officer Young then saw that Mr. Cobbs had a firearm in his hand. *Id.* 28:21–22. However, Mr. Cobbs turned and started running in the opposite direction. *Id*. 32:2–6. At that point, Officer Young believed that Mr. Cobbs was a threat because he had been involved in an armed robbery, fled multiple officers, and was running towards other officers with a firearm. *Id*. 35:24–36:9.

When Mr. Cobbs turned around, he pointed his gun directly at Officer Hedrick and Officer Hedrick observed him pulling the trigger. Def. Ex. 2, 21:4–13, 22:4–15, 24:9–17. Officer Hedrick feared that Mr. Cobbs was trying to kill him. *Id*. 42:25–43:4. Officer Hedrick then fired his Glock at Mr. Cobbs. *Id*. 24:6–26:10. Officer Young observed Mr. Cobbs lying on the ground, still clutching his handgun, with a gunshot wound to his head. Def. Ex. 3, 35:19–23.

**B.     Other Defendants' Involvement**

The Plaintiff does not recall ever speaking to Chief Allen. Def. Ex. 5, 103:3–6, ECF No. 54-5. Although the Plaintiff recalls speaking to Mayor Freeman-Wilson about having a meeting with the Plaintiff to discuss whether the Gary Police Department officers had a body cam or body cameras on their car, the meeting never happened. *Id*. 101:19–102:21. The Plaintiff had no other discussions with Mayor Freeman-Wilson. *Id*. 102:18–21.

4

## ANALYSIS

The Defendants seek summary judgment on all the Plaintiff's claims.

### A.     Federal Claims—42 U.S.C. § 1983

Section 1983 provides, in pertinent part, that "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must show that the defendant deprived him of a federal constitutional right and that the defendant acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

*1.     Claims Against Defendants Freeman-Wilson, Allen, and Hedrick in Their Official Capacities*

Defendants seek summary judgment on the § 1983 claims against Defendants Freeman-Wilson, Allen, and Hedrick in their official capacities. Official capacity claims are "to be treated as a suit against the entity" in all but name. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Consequently, "when a plaintiff brings a claim against a municipal entity under § 1983, if the plaintiff alleges the same claim against a government official in his or her official capacity, such claim is duplicative and subject to dismissal." *Barger v. Wells Cnty. Sheriff's Off.*, No. 1:21-CV-00366, 2023 WL 5633277, at *4 (N.D. Ind. Aug. 30, 2023). Thus, the claims against Defendants Freeman-Wilson, Allen, and Hedrick in their official capacities are really a claim against the City of Gary, which the Court addresses below.

*2.     Claims Against Defendants Freeman-Wilson and Allen in Their Individual Capacities*

Defendants seek summary judgment on the § 1983 claims against Defendants Freeman-Wilson and Allen in their individual capacities. Individual liability under § 1983 requires that the

5

individual be personally involved in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (citing *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)). For a supervisor to be personally liable, the "supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" *Kemp v. Fulton County*, 27 F.4th 491, 498 (7th Cir. 2022) (quoting *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012)). Here, the record does not contain evidence of the personal involvement of either Mayor Freeman-Wilson or Chief Allen in the events underlying the Plaintiff's alleged federal constitutional claims. Accordingly, the Court grants summary judgment in favor of Defendants Freeman-Wilson and Allen on the § 1983 claims against them in their individual capacities.

3.  *Claims Against the Gary Police Department*

The Plaintiff brings a § 1983 claim against the Gary Police Department. The Defendants argue that the Gary Police Department cannot be sued under § 1983. Whether the Gary Police Department is "liab[le] under § 1983 'is dependent on an analysis of state law.'" *Sow*, 636 F.3d at 300 (quoting *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997)). The Seventh Circuit determined that "the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Id*. (determining that under Indiana law the police departments were not appropriate parties to § 1983 claims). This is because "a municipal corporation is a unit, or other separate local governmental entity that may sue and be sued." *Id*. (quoting Ind. Code § 36–1–2–10) (cleaned up). Plus, "a 'unit' means county, municipality, or township, and a 'municipality' is a city or town." *Id*. (quoting Ind. Code § 36–1–2–23, and Ind. Code § 36–1–2–11) (cleaned up). Therefore, the Gary Police Department is not liable under § 1983 and thus is not an appropriate party to the Plaintiff's § 1983 claim.

Accordingly, the Court grants summary judgment in favor of Defendant Gary Police Department on the § 1983 claim against it.

4.  *Excessive Force*

In Count II, the Plaintiff brings a § 1983 excessive force claim against Officer Hedrick for shooting Mr. Cobbs with deadly force during a foot pursuit. The Fourth Amendment's objective reasonableness standard governs claims of excessive force by a police officer. *Graham v. Connor*, 490 U.S. 386, 388 (1989). "An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest." *Gupta v. Melloh*, 19 F.4th 990, 996 (7th Cir. 2021) (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012)). "Deadly force . . . is reasonable where an officer has reasonable cause to believe that the suspect poses a danger of serious bodily harm, such as when the officer believes the suspect has a weapon or has committed a violent crime." *Henning v. O'Leary*, 477 F.3d 492, 496 (7th Cir. 2007) (citing *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)). The totality of the circumstances considers "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Turner v. City of Champaign*, 979 F.3d 563, 567 (7th Cir. 2020) (quoting *Graham*, 490 U.S. at 396). "An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest, . . . circumscribed by the Fourth Amendment's insistence on reasonableness." *Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009) (citing *Graham*, 490 U.S. at 396). The reasonableness of an officer's use of force is a

legal determination for the court. *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007); *Phillips*, 678 F.3d at 520.

"[P]olice officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397. Thus, courts must consider the facts "from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. Notably, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* (internal quotation marks and citation omitted)). Importantly, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

In their Motion for Summary Judgment, the Defendants contend the undisputed facts show that Mr. Cobbs exited a stolen vehicle that had just been involved in an armed robbery; ignored commands from two police officers and fled on foot; ran behind a residence where he then pointed a gun directly at Officer Hedrick and began pulling the trigger; fearing for his life, Officer Hedrick discharged his firearm at Mr. Cobbs, killing Mr. Cobbs. Thus, the Defendants argue Officer Hedrick's use of deadly force was a reasonable use of force justified by Mr. Cobbs' actions.

The record confirms these facts, which the Plaintiff does not dispute. Thus, there is no factual dispute about whether the Plaintiff was pointing a gun at Officer Hedrick and pulling the trigger at the time Officer Hedrick shot Mr. Cobbs with deadly force. The Court notes that at the time Mr. Cobbs was pointing his gun at Officer Hedrick, Officer Hedrick observed that Mr. Cobbs "tried to pull the trigger" and "was pulling it" but the gun did not go off. Def. Ex. 2, 22:6–

8

17. Also, Officer Hedrick testified that he "[didn't] know what went wrong" and "[didn't] know if the safety was on." *Id*. 22:11–13.

Officer Hedrick's "determination of the appropriate level of force to use must be measured from the perspective of a reasonable officer on the scene." *Muhammed v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002) (quoting *Graham*, 490 U.S. at 396) (cleaned up). Under the totality of the circumstances surrounding the officers' foot pursuit of Mr. Cobbs and Mr. Cobbs' undisputed conduct leading up to the shooting with deadly force, the deadly force used by Officer Hedrick was objectively reasonable. Viewing all these facts objectively, Officer Hedrick had reasonable cause to believe that Mr. Cobbs, who pointed his gun directly at Officer Hedrick and tried to pull the trigger, posed a danger of serious bodily harm. Although this is a tragic end to Mr. Cobbs' life, Officer Hedrick's use of deadly force was objectively reasonable under the circumstances, even if Mr. Cobbs' gun did not fire a shot. *See Henning*, 477 F.3d at 496 (finding that there was "no doubt" that the officer had reasonable cause to believe that the suspect posed a danger of serious bodily harm when at least two officers believed that the suspect's hands were on or near a gun); *see also Logan v. City of South Bend*, 564 F. Supp. 3d 719, 737 (N.D. Ind. 2021), *aff'd sub nom. Est. of Logan v. City of South Bend, Indiana*, 50 F.4th 614 (7th Cir. 2022) (concluding the officer's deadly force was reasonable under the totality of the circumstances when Mr. Logan got within seven or eight feet of the officer with a knife, posed an imminent threat of death or serious bodily injury, and advanced with the knife that hit the officer as the officer shot twice).

For these reasons, the Court grants summary judgment in favor of Officer Hedrick on the § 1983 excessive force claim in Count II.

5.   *Qualified Immunity*

The Defendants argue that Defendants Freeman-Wilson, Allen, and Hedrick are entitled to qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). Thus, the two questions are "whether the plaintiff has alleged a deprivation of a constitutional right at all, and whether the right at issue was clearly established at the time and under the circumstances presented." *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016) (citation omitted). Because the Plaintiff has failed to create a genuine dispute of material fact as to a constitutional violation, the Court need not further address the issue of qualified immunity. *See Los Angeles County v. Rettele*, 550 U.S. 609, 616 (2007); *Tucker v. Williams*, 682 F.3d 654, 660 (7th Cir. 2012) ("Because we do not find a constitutional violation, we need not and do not address Williams' qualified immunity defense.").

6.   *Monell Liability*

Finally, a municipality like the City of Gary can only be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because there was no constitutional violation based on the August 1, 2017 deadly shooting of Mr. Cobbs by Officer Hedrick, there can be no *Monell* liability on the part of the City of Gary. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (recognizing that there can be no *Monell* liability in the absence of an underlying constitutional violation).

For these reasons, the Court grants summary judgment in favor of the City of Gary on the § 1983 excessive force claim in Count I.

**B.      State Law Claim**

In the Complaint, the Plaintiff invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the Plaintiff's state law claim for wrongful death. "When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). While the decision to exercise supplemental jurisdiction is discretionary, "there is a general presumption that the court will relinquish supplemental jurisdiction." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012)). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co., Inc.*, 672 F.3d at 479 (cleaned up). As the Court has not engaged in any meaningful review of the merits of the state law claim and has not otherwise committed substantial judicial resources to it, declining to exercise jurisdiction is proper. *See Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) ("[T]he district court disposed of the federal claims on summary judgment, and so 'substantial judicial resources' have not yet been committed to the case.").

**CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS the Defendants' Motion for Summary Ruling [ECF No. 55] and GRANTS in part the Defendants' Motion for Summary Judgment [ECF No. 51], granting the motion as to the Plaintiff's § 1983 claims of excessive force (Counts I and II) against the Defendants. As a result, the Court DIRECTS the Clerk of

Court to enter judgment against the Plaintiff and in favor of all Defendants on Counts I and II of the Complaint. The Court DECLINES to exercise supplemental jurisdictional over the Plaintiff's state law claim in Count III and DISMISSES without prejudice that claim.

SO ORDERED on September 29, 2023.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT